UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAVIS,

                     Plaintiff,

         v.

J. COLLARDO, *et al.*,

                     Defendants.

No. 16-CV-7139 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On September 30, 2018, the Court issued an Opinion & Order dismissing most of Plaintiff's claims without prejudice and giving him 30 days to file an amended complaint. (*See* Op. & Order (Dkt. No. 37).) On October 18, 2018, Plaintiff wrote the Court asking to withdraw his "hold entire claim" on this case, and the Court granted the request on October 24, 2018, dismissing the claims that were dismissed in the Opinion & Order with prejudice and dismissing the one surviving Eighth Amendment claim without prejudice. (Dkt. Nos. 41–42.) On November 20, 2018, in response to a letter from Plaintiff filed on November 15, 2018, the Court granted Plaintiff's request to amend the Eighth Amendment claim, which was dismissed without prejudice. (Dkt. No. 44.) The Court granted Plaintiff 30 days to do so. (*Id.*) Plaintiff never filed an amended complaint.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent

authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff filed the Complaint on September 13, 2016. (Compl. (Dkt. No. 1).) Following motion practice, the Court dismissed all but one of Plaintiff's claims without prejudice and gave Plaintiff

2

30 days to file an amended complaint, warning that if Plaintiff did not meet this deadline, "all dismissed claims could be dismissed with prejudice." (Op. & Order 39.) The Clerk of Court mailed a copy of the Opinion & Order to Plaintiff. (*See* Dkt. (entry for Oct. 1, 2018).) Plaintiff subsequently asked to withdraw all his claims, and the request was granted. (Dkt. No. 42.) In that Order, the Court clarified that the previously dismissed claims were now dismissed with prejudice and the surviving Eighth Amendment claim was now dismissed without prejudice. (*Id.*) Two weeks after that, Plaintiff requested an extension of time to file an amended complaint, and the Court granted the request on November 20, 2018, allowing Plaintiff 30 days to amend the one remaining claim in the case, Plaintiff's Eighth Amendment claim. (Dkt. No. 44.) Plaintiff notified the Court of a change of address on January 16, 2019, (Dkt. No. 45), but never filed an amended complaint. An Order to Show Cause was issued nearly 8 months later., on September 4, 2019, (Dkt. No. 48), but Plaintiff did not respond. Plaintiff has not communicated with the Court at all for nearly a year.

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Osborn v. City of New York*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) (dismissing case where the plaintiff had "gone incommunicado . . . for at least five months, a duration of sufficient significance so as to tip in favor of dismissal as a matter of law"), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018), *appeal dismissed* No. 18-1639, 2019 WL 2369924 (2d Cir. Jan. 16, 2019); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case").

3

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close this case.

SO ORDERED.

DATED:	December 10, 2019
	White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE